Smith, J.
In this case we are of the opinion that the verdict was manifestly against the weight of the evidence, and for this reason the motion for a - new trial filed by the defendant Company should have been granted. The evidence clearly *334 shows (even that offered for the plaintiff below,) that Lally, the deceased, directly contributed to the injury received by him, which caused his death, by walking on the main north bound track of defendant's railroad, in front of an engine with tender which was coming up behind him, when there was no necessity of his doing so, and when there was a good path, four or five feet wide, on which he could have gone with safety, as did the two men who were with him at the time; and when it does not appear that before stepping upon the track, he looked to see if a train was coming up behind him, and if he had done so, it seems that he would have been able to see it in time to avoid any injury, even if there was no light upon the tender which was in front of the backing engine, as to which last fact the evidence is conflicting. But if the defendant was negligent in not having the light there, and thus contributed to the injury, it is not shown that those in charge of the engiue knew of the peril in which the deceased Lally had placed himself until he was struck and, therefore, could not be in fault for having .failed to use proper care after they had knowledge of the danger. It is true that they saw the lights carried by the three men, one of whom was the deceased, but they were then all on the side of the track, and there appeared to be no reason to apprehend any danger to them. The whole evidence would seem to lead to the-conclusion that the deceased, without looking for the approaching train, stepped suddenly from the side of the track, on the same, and was thus run down, when if he had looked he might have avoided the injury. The judgment will therefore be reversed. - -
Ramsey,Maxwell & Ramsey, for Plaintiff in' Error.
Roberts & Taylor, for Defendant in Error.